McKESSON et al. v. UNITED STATES.

(Circuit Court, S. D. New York. March 12, 1902.)

No. 3,020.

CUSTOMS DUTIES—CLASSIFICATION—CRUDE SULPHIDE OF ANTIMONY.
    Crude sulphide of antimony is classifiable under Act 1897, par. 476 of the free list, covering "Antimony ore, crude sulphite of," and is not assessable under section 6, as a "non-enumerated article manufactured in whole or in part," the word "sulphite" being regarded as a misprint for "sulphide."

Appeal by the Importers from a Decision of the Board of United States General Appraisers.

J. S. Tompkins, for the importers.

D. Frank Lloyd, Asst. U. S. Atty.

COXE, District Judge (orally). The importation in question is conceded to be crude sulphide of antimony. The collector assessed it as a "non-enumerated article, manufactured in whole or in part," under section 6 of the act of 1897. The importers insist that it should

have been classified under paragraph 476 of the free list, which provides for "Antimony ore, crude sulphite of."

It is admitted on all sides that the word "sulphite" in the tariff is a misprint for the word "sulphide," as no chemist or expert on either side of the controversy knows of such a substance as sulphite of antimony. Sulphide of antimony is well known to all the witnesses. It seems to be the product of a process by which the gangue or slag is separated from the ore by heat. The importation here is such a product; the rock and slag has been removed and the ore is imported. It is also conceded that if the paragraph of the free list read crude sulphide of antimony it would aptly describe the importation in controversy. In view of the similar provisions in previous acts it is to me entirely clear that this was precisely what congress intended. There is no other substance known in the art as crude sulphide of antimony except the importation in question. It would be a strained construction to interpret paragraph 476 precisely as if the words "crude sulphite of" were omitted, and as if the paragraph applied only to antimony ore. The court should give some significance to the concluding phrase "crude sulphite of"; and it necessarily follows that if this be done it can apply only to the subject of this importation. There is no other substance to which the words quoted can apply.

The decision of the board of general appraisers is reversed.